NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2200

_____

JUAN SEGUNDO PANDO AUCAY,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Administrative Order of Removal
of the Department of Homeland Security
(A098-495-529)
Immigration Judge: Mary Lee
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2020
_____

Before: CHAGARES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*.

(Opinion Filed: January 7, 2021)

_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Juan Segundo Pando Aucay petitions for review of a decision of an Immigration Judge ("IJ") concluding that he was not entitled to relief from reinstatement of a prior order of removal. The IJ concurred in the asylum officer's conclusion that Pando Aucay had neither a reasonable fear of torture, as required for relief under the Convention Against Torture ("CAT"), nor a reasonable fear of persecution based on his race, religion, nationality, political opinion, or membership in a particular social group, as required for withholding of removal. Finding that the IJ provided no explanation for her decision, thus giving us nothing to review, we will grant the petition for review and remand for further proceedings.

## I. Background

Pando Aucay, a native and citizen of Ecuador, was ordered removed from the United States on August 29, 2007. That order was executed on December 3, 2012, when Pando Aucay was removed to Ecuador. Less than a month later, he illegally re-entered the United States on January 2, 2013.

After returning to the United States, Pando Aucay lived in New Jersey until December 25, 2018, when he was arrested for a domestic violence offense. On December 28, 2018, the Department of Homeland Security ("DHS") notified Pando Aucay of its intent to reinstate his prior removal order. In response, Pando Aucay "express[ed] a fear of returning to the country of removal," as required by 8 C.F.R. § 208.31(a). As a result, he was referred to an asylum officer for a reasonable fear

2

interview.  *See* 8 C.F.R. § 208.31(b).  The purpose of the reasonable fear interview is to give the alien an opportunity to "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal."  8 C.F.R. § 208.31(c).

In his interview with the asylum officer, Pando Aucay was represented by counsel. During the interview, Pando Aucay expressed concern about four claims:  (1) fear of reprisal from the coyote[1] to whom he still owed money; (2) concern about a robbery that took place shortly after his prior removal; (3) religious discrimination when he was a child attempting to attend school; and (4) crime, in general in Ecuador.  The asylum officer concluded that none of these claims supported a reasonable possibility that Pando Aucay would be persecuted or tortured upon return to Ecuador.

Pursuant to 8 C.F.R. § 208.31(f), Pando Aucay sought review of this decision before an IJ.  On May 11, 2020, Pando Aucay, represented by counsel, appeared before an IJ for a reasonable fear hearing.[2]  At the hearing, Pando Aucay testified and his counsel provided a closing statement.  During his testimony, Pando Aucay raised an additional concern with returning to Ecuador – possible reprisal arising from his escape

---

[1] A coyote is "a person who smuggles immigrants into the U.S." *Coyote*, Merriam-Webster Unabridged Dictionary, https://unabridged.merriam-webster.com/unabridged/coyote (last visited January 5, 2021).

[2] Pando Aucay appeared by video from the Pike County Detention Center, while his attorney appeared telephonically.

from a farm where he worked as a child laborer planting bananas and marijuana. After

hearing the testimony and closing statement, the IJ rendered her decision, stating, in total:

> To the respondent, sir, I, I sympathize with the reasons why you do not want to return to Ecuador. However, having reviewed the asylum officer's interview notes, as well as your testimony today, I cannot conclude that there is a reasonable possibility that you would be persecuted in Ecuador on account of a protected basis. And those protected basis [sic] are race, religion, nationality, membership in a particular social group, and political opinion. Moreover, I cannot conclude that there is a reasonable possibility of torture in Ecuador by government officials. There is no direct administrative appeal of the Court's decision today. But, you may be able to file a petition for review with the Third Circuit Court of Appeals. The Court affirms the Department of Homeland Security's determination, and will return your case back to them for execution of your removal order. Despite my decision today, I wish you the very best, sir. Good luck. Thank you.

A.R. 17.

The IJ also entered an order on May 11, 2020. The order was a form order. The

box indicating that "[t]he immigration court concurs in the DHS Reasonable Fear

Determination because:" was checked, but no reasons were provided on the form.

A.R. 1. Further, the box indicating that "[a]dditional reasoning is not continued on

a separate sheet" was also checked. A.R. 1.

## II. Discussion

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). *Romero v. Att'y

Gen.*, 972 F.3d 334, 340 (3d Cir. 2020). We review an IJ's reasonable fear

determination for substantial evidence. *Id.* at 342.

In order to engage in that analysis, there must be "*something* for us to

4

review." *Abdulai v. Ashcroft*, 239 F.3d 542, 555 (3d Cir. 2001) (emphasis in original). *See also Sathanthrasa v. Att'y Gen.*, 968 F.3d 285, 295 (3d Cir. 2020) ("[W]e may affirm an agency's decision only on 'the grounds invoked by the agency' and the concomitant rule that those grounds 'must be set forth with such clarity as to be understandable.'" (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Awolesi v. Ashcroft*, 341 F.3d 227, 229 (3d Cir. 2003) ("[W]e cannot give meaningful review to a decision in which the BIA does not explain how it came to its conclusion."). The need for an articulate explanation is not restricted to decisions of the BIA but also extends to decisions made by an IJ. *Sathanthrasa*, 968 F.3d at 298 (finding that statement in a "stray footnote" in the IJ's decision "leaves us with nothing of substance to review").

Here, we are presented with, literally, a blank page to review. The order includes no explanation for the IJ's decision at all. Even the statements made by the IJ at the reasonable fear hearing provide no insight. At the hearing, the IJ simply stated that "I cannot conclude that there is a reasonable possibility that you would be persecuted in Ecuador on account of a protected basis. . . . Moreover, I cannot conclude that there is a reasonable possibility of torture in Ecuador by government officials." A.R. 17. These sentences do not explain the reasons for the IJ's decision, nor do they allow us to engage in any meaningful review of that decision.

### III. Conclusion

In light of the lack of any explanation for the IJ's negative reasonable fear determination, we will grant the petition for review, vacate the order of removal and remand for further proceedings.